IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MITCHELL ROHER,**

    **Plaintiff,**

v.                                                          **CASE NO.:**

**RE/MAX, LLC,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MITCHELL ROHER, by and through undersigned counsel, hereby sues Defendant, RE/MAX, LLC, and states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

**PARTIES**

3. At all times material herein, Plaintiff, MITCHELL ROHER

(hereinafter as "Plaintiff"), was and is a resident of Hillsborough County, Florida.

4. At all times material herein, Defendant, RE/MAX, LLC (hereinafter as "Defendant"), was and is a Foreign Limited Liability company, licensed and authorized to and doing business in Hillsborough County, Florida.

5. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. On November 18, 2025, Plaintiff filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). The Right to Sue was issued on December 1, 2025.

## FACTUAL ALLEGATIONS

8. Plaintiff is a 61-year-old male and worked for Defendant for approximately fifteen years.

9. From approximately 2019 through the end of 2024, Plaintiff was employed as the AVP Franchise Sales, Eastern US, a supervisory role managing approximately 6-8 direct reports, who were tasked with selling new Re/Max real estate agency franchises, or converting existing agencies to Re/Max. In this role, his region outperformed all other regions.

10. In or around January 2025, Plaintiff was reassigned to the newly created Southeast Region Executive Director of Franchise Sales, managing just two direct reports. In addition, Plaintiff was now responsible for his own sales, despite not having previously worked in a sales role for over five years and having no established pipeline.

11. The individuals named to manage the remaining regions (Northeast, Central, and West) had already been working in sales roles, and therefore, already had an existing pipeline.

12. In or around April 2025, Mr. Christopher Lim, who upon information and belief is in his 40's, was hired as the Chief Growth Officer and became Plaintiff's supervisor.

13. Plaintiff diligently performed his duties throughout 2025 and was never issued a quota, coached, disciplined, warned, or issued any kind of performance improvement plan, and had no reason to believe that he was not meeting the legitimate expectations of his position.

14. In the meantime, however, Mr. Lim, Re/Max's Chief Growth Officer, was openly complaining to his colleagues about "old white men" (such as Plaintiff) holding sales positions within the Company. Mr. Lim also stated that Plaintiff needed to retire for no legitimate reason, despite Plaintiff's tenure and exceptional disciplinary and performance record.

15. When Plaintiff refused to retire, however, Mr. Lim took matter into his own hands and terminated Plaintiff's employment because of his age on October 3, 2025 for pretextual reasons without warning, notice, or adherence to Defendant's progressive discipline policy.

16. Plaintiff was the oldest Region Executive Director and the only one terminated.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")

17. Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 16, as if set out in full hereafter.

18. Plaintiff is a member of a protected class under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

19. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his age, in violation of the ADEA, 29 U.S.C. § 621 et seq., for which Defendant is liable.

20. Defendant knew, or should have known, of the discrimination.

21. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, MITCHELL ROHER, demands a trial by jury and judgment against Defendant, RE/MAX, LLC, for the following damages:

    a. Back pay and benefits;

      b.     Interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Liquidated damages;

      e.     Attorney's fees and costs;

      f.     Injunctive relief; and

      g.     For any other relief, this Court deems just and equitable.

## COUNT II
## FCRA- AGE DISCRIMINATION

22. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 16, as if set out in full hereafter.

23. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

24. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his age in violation of the Florida Civil Rights Act.

25. Defendant knew or should have known of the discrimination.

26. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages

**WHEREFORE,** Plaintiff, MITCHELL ROHER, demands a trial by jury and judgment against Defendant, RE/MAX, LLC, for the following damages

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering;

  e. Attorney's fees and costs;

  f. Injunctive relief;

  g. For any other relief, this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

27. Plaintiff, MITCHELL ROHER, demands a trial by jury on all issues so triable.

**DATED** this 2nd day of February, 2026.

    **FLORIN | GRAY**

    */s/ Miguel Bouzas*
    **MIGUEL BOUZAS, ESQUIRE**
    Florida Bar No.: 48943
    Primary: mbouzas@floringray.com
    Secondary: angela@floringray.com
    **SCOTT L. TERRY, ESQUIRE**
    Florida Bar No.: 77105
    Primary: sterry@floringray.com
    Secondary: gina@floringray.com
    16524 Pointe Village Drive, Suite 100
    Lutz, FL 33558
    Telephone (727) 220-4000
    Facsimile (727) 483-7942
    *Attorneys for Plaintiff*